## IN THE UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF WISCONSIN

In re:                                   Chapter 13

DEAN RICHARD VONGERMETEN

      Debtor.                           Case No. 21-25409-rmb

---

DEAN RICHARD VONGERMETEN,

      Plaintiff,

v.                                       Adversary Case No.  22-02024-rmb

Suzy Lindbolm COO, Terry Smith CEO,
Alejandro Hoyos: Trustee, Christopher Drout,
Mark Clauss, Michael Dimand, William Patacsil,

      Defendants.

---

## NOTICE OF MOTION OF MARK CLAUSS, CHRISTOPHER DROUT AND SUZY LINDBLOM TO DISMISS ADVERSARY COMPLAINT

TO:  ALL PARTIES AND COUNSEL OF RECORD

      PLEASE TAKE NOTICE that defendants, Mark Clauss, Christopher Drout and Suzy Lindblom hereby move the Court to dismiss the plaintiff's adversary complaint against them, in its entirety and with prejudice, for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012.  The bases for the motion are set forth in the accompanying motion and brief, together with other papers heretofore filed and served in this action.

      Dated this 8th day of April, 2022.

                        GRAY & ASSOCIATES, L.L.P.
                        Attorneys for Defendants

                        By:_____
                            Christopher C. Drout
                            State Bar No. 1049882

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Chapter 13 |
| DEAN RICHARD VONGERMETEN | |
| Debtor. | Case No. 21-25409-rmb |

| | |
|---|---|
| DEAN RICHARD VONGERMETEN, | |
| Plaintiff, | |
| v. | Adversary Case No. 22-02024-rmb |
| Suzy Lindbolm COO, Terry Smith CEO, Alejandro Hoyos: Trustee, Christopher Drout, Mark Clauss, Michael Dimand, William Patacsil, | |
| Defendants. | |

## MOTION OF MARK CLAUSS, CHRISTOPHER DROUT AND SUZY LINDBLOM TO DISMISS ADVERSARY COMPLAINT

The defendants, Mark Clauss, Christopher Drout and Suzy Lindblom, through their attorneys, Gray & Associates, L.L.P., do hereby move the court pursuant to Federal Rule of Civil Procedure 12 (b)(6) incorporated into Federal Rule of Bankruptcy Procedures 7012 for the dismissal of this adversary proceeding with prejudice. The defendants' motion is based upon the following:

1. The plaintiff fails to state a claim for which relief can be granted.

2. The plaintiff's claims are barred by binding precedent as the U.S. District Court for the Eastern District of Wisconsin and the United States Court of Appeals for the Seventh Circuit both decided his claims against Planet Home Lending, LLC and its attorneys were dismissed with prejudice. Specifically, the plaintiff commenced a separate federal civil action against the defendant and its counsel in the U.S. District Court for the Eastern District of Wisconsin making the same and/or similar claims

**Drafted by:**
Christopher C. Drout
Gray & Associates, L.L.P.
16345 West Glendale Drive
New Berlin, WI 53151
Phone: 414.224.8404
Fax:    414.224-1279
Email: cdrout@gray-law.com

Gray & Associates, L.L.P. is attempting to collect a debt on its client's behalf and any information it obtains will be used for that purpose. If you previously received a discharge in a chapter 7 bankruptcy case, this should not be construed as an attempt to hold you personally liable for the debt.

as in this adversary proceeding. That action was dismissed with prejudice by the E.D. Wis. Federal Court and the dismissal with prejudice was affirmed on appeal by the Seventh Circuit. Copies of the federal court order and the court of appeals decision are attached hereto as Exhibits A and B and their contents are incorporated herein by reference.

3.    The plaintiff's claims are barred by res judicata and the equitable doctrine of claims preclusion. The mortgage in question is subject to a state court foreclosure judgment. Defendant, "Planet Home Lending, LLC", was awarded judgment of foreclosure on February 14, 2020. The plaintiff appealed this foreclosure judgment and later voluntarily dismissed the appeal. Application of the doctrine here is warranted "to establish and fix the rights of individuals, to relieve parties of the costs and vexation of multiple lawsuits, to conserve judicial resources, to prevent inconsistent decisions, and to encourage reliance on adjudication." *Kruckenberg v. Harvey,* 2005 WI 43, ¶ 20, 279 Wis.2d 520, 694 N.W.2d 879. A copy of the state court foreclosure judgment was attached to Planet Home Lending, LLC's proof of claim number 1 and is incorporated herein by reference as Exhibit C.

4.    The plaintiff's claims are barred by the Rooker-Feldman Doctrine which prohibits "state-court losers complaining of injuries caused by state-court judgments" from inviting federal court review and rejection of such judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). The Honorable G. Michael Halfenger had issued a Decision and Order dismissing the plaintiff's previous adversary proceeding based upon the Rooker-Feldman Doctrine and lack of jurisdiction. *Vongermeten v. Clauss (In re Vongermeten),* Case No. 20-25056-gmh (Bankr. E.D. Wis. Jan. 5, 2021).

WHEREFORE, the defendants request that the Complaint be dismissed, in its entirety, and with prejudice and requests the Court bar plaintiff from filing future adversary complaints against defendants.

Respectfully submitted this ___8th___ day of April, 2022.

GRAY & ASSOCIATES, L.L.P
Attorneys for Defendants

By: _____
    Christopher C. Drout
    State Bar No. 1049882

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Chapter 13 |
| DEAN RICHARD VONGERMETEN | Case No. 21-25409-rmb |
| Debtor. | |

| | |
|---|---|
| DEAN RICHARD VONGERMETEN, | |
| Plaintiff, | |
| v. | Adversary Case No. 22-02024-rmb |
| Suzy Lindbolm COO, Terry Smith CEO, Alejandro Hoyos: Trustee, Christopher Drout, Mark Clauss, Michael Dimand, William Patacsil, | |
| Defendants. | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS ADVERSARY COMPLAINT

### INTRODUCTION

Plaintiff, Dean Richard Vongermeten[1], continues to assert frivolous and bad-faith claims that have been denied in cases conducted in the Wisconsin Circuit Court for Racine County, U.S. District Court for the Eastern District of Wisconsin, U.S. Court of Appeals for the Seventh Circuit and the Eastern District Bankruptcy Court of Wisconsin. Plaintiff's "claims" fail to state a claim for which relief can be granted and are barred by binding precedent, the doctrines of res judicata, claims preclusion and the Rooker-Feldman Doctrine. Plaintiff's claims fail as a matter of law and should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) incorporated into Federal Bankruptcy Rule 7012.

---

[1] The plaintiff uses several variations of his name in the underlying bankruptcy case, federal court cases and foreclosure case such as Dean R. Vongermeten a/k/a Dean R. vongermeten, an unmarried man dba Dean R. Vongergeten a/k/a Dean Richard Von Germeten d/b/a Dean R. vongermeten, an unmarried man a/k/a Dean Richard vonGermeten d/b/a Dean Von Geremeten, single, Dean R. VonGermeten a/k/a Dean vonGermenten a/k/a Dean Richard Von Germeten a/k/a Dean Richard vonGermeten a/k/a Dean Von Geremeten a/k/a vonGermeten, Dean R.

# I. BACKGROUND

On October 31, 2011, Plaintiff borrowed $30,000.00 from Flagstar Bank, FSB its successors and assigns. In exchange for the funds, Plaintiff executed a Note and Mortgage pledging real property located at 1921 Thurston Ave., Racine, Wisconsin (the, "Property") as security for the debt. Thereafter, Plaintiff was notified by both Flagstar Bank, FSB and Planet Home Lending, LLC (hereinafter "Planet") that the loan was assigned to Planet in February 2016.

Plaintiff filed a civil case against Planet in the U.S. District Court for the Eastern District of Wisconsin which was dismissed with prejudice on July 2, 2019. *Von Germeten v. Planet Home Lending, LLC*, No. 17-cv-167-pp, 2019 WL 2234577 (E.D. Wis. July 2, 2019).[2] Plaintiff's civil case appeared to demand that the mortgage somehow be released. Plaintiff was ultimately barred from filing in that Court for his frivolous and continued paper assault even after having been admonished several times. Attached hereto and incorporated by reference as Exhibit A is a copy of the Dismissal Order.

Plaintiff continued his frivolous and harassing tactics on appeal to the United States Court of Appeals for the Seventh Circuit. The Seventh Circuit also found his filings to be frivolous, admonished him from continued action and ultimately upheld the District Court's dismissal with prejudice. See *Dean von Germeten v. Planet Home Lending, LLC*, No. 19-2459 (7th Cir. Nov. 20, 2019 and Jan. 10, 2020). Attached hereto and incorporated by reference as Exhibit B are copies of one of the admonitions and affirmation order.

Planet initiated a foreclosure action on October 4, 2019, in Racine County Circuit Court Case 19-CV-001616 against Plaintiff to enforce a default with respect to the note and mortgage securing the property.

---

[2] The court is entitled to take judicial notice of judicial proceedings in the Federal Court and State Court Cases. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). *In the Matter of Lisse*, 905

A foreclosure judgment was entered on February 14, 2020, in favor of Planet. A copy of the Findings of Fact, Conclusions of Law and Judgment is attached to Planet's proof of claim number 1 and is attached hereto and incorporated by reference as Exhibit C.

Plaintiff continued to file frivolous documents in State Court. After the State Court reviewed the same arguments and provided him the opportunity to be heard, his claims were again deemed to be frivolous. He was admonished, and yet, he continued to file more documentation that was deemed to "consist entirely of nonsense" prompting the State Court to also sanction him by barring future filing in the case. Undeterred, Plaintiff continued to further these bizarre and unfounded allegations, which the State Court returned "because each and every one of them constitutes a frivolous filing." Attached hereto and incorporated by reference as Exhibit D is copies of the State Court Orders.

Plaintiff recorded documents with the Racine County Register of Deeds Office attempting to claim liens against Planet and Planet's attorneys in retaliation for opposing his frivolous positions. Plaintiff also filed financing statements with the Wisconsin Department of Financing Institutions naming Planet as a debtor of his. These frivolous filings were ordered expunged by the State Court. A copy of the Orders to Expunge are attached hereto and incorporated by reference as Exhibits E and F.

The plaintiff had filed a chapter 13 bankruptcy case on July 22, 2020, which was dismissed on March 12, 2021. [Case 20-25056-gmh, ECF Doc. No. 120]. During that bankruptcy case, the debtor commenced an adversary proceeding against the defendants alleging the same or similar claims as alleged in this adversary proceeding, which was dismissed based upon the Rooker-Feldman Doctrine and lack of jurisdiction. *Vongermeten v. Clauss (In re Vongermeten)*, Case No. 20-25056-gmh (Bankr. E.D. Wis. Jan. 5, 2021).

---

F.3d 495, 496 (7th Cir. 2018); see also *Guaranty Bank v. Chubb Corp.*, 538 F.3d 587, 591 (7th Cir.

Now, despite having been repeatedly admonished in every forum, Plaintiff continues to attempt to relitigate these patently frivolous arguments in his bankruptcy case through this adversary proceeding. He continues to harass parties involved in the court actions by naming them as defendants in this adversary proceeding, more specifically, the attorneys that represent Planet and an individual that was employed by Planet. Plaintiff continues to ignore the numerous Federal and State Court decisions that deemed his arguments as frivolous and "…'clearly baseless, fanciful, fantastic delusional irrational and wholly incredible'…" *Von Germeten v. Planet Home Lending, LLC*, No. 17-cv-167-pp, p.17 (E.D. Wis. March 21, 2019). (An excerpt of the order is attached hereto and incorporated by reference as Exhibit G).

A sheriff's sale scheduled for October 19, 2021, was cancelled because the debtor filed the current Chapter 13 bankruptcy case on October 9, 2021. [Case 21-25409-rmb; CM/ECF Doc. No. 1]. The Court entered an order on February 4, 2022, confirming termination of the automatic stay pursuant to 11 U.S.C. 362(c)(3). [*Id.* at Doc. No. 89]. The plaintiff has now filed this adversary proceeding against the defendants, and as has been decided by three previous courts, Plaintiff's claims are baseless and must be dismissed with prejudice. The defendants further request that the Court bar plaintiff from filing future adversary complaints against the defendants under Bankruptcy Rule 9011(c)(1)(B).

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief can be granted and is applicable in bankruptcy proceedings. Fed. R. Bankr. P. 7012(b). When determining a motion to dismiss under Rule 12(b)(6), a court views all of the facts alleged in the complaint, as well as any inferences, to be reasonably drawn from them in the light most favorable to the plaintiff. *See Village of Rosemont v. Jaffe*, 482 F.3d 926, 936 (7th Cir. 2007). "Notice" pleading requires only that the complaint contain

2008) ("a court is of course entitled to take judicial notice of judicial proceedings").

a short and plain statement of the claim showing that the pleader is entitled to relief. *See* Fed. R. Bankr. P. 7008. Nonetheless, a complaint must include "enough facts to state a claim for relief that is plausible on its face" and must provide "more than labels and conclusions" because a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

While difficult to ascertain, Plaintiff's complaint appears to demand that the Bankruptcy Court vacate the foreclosure judgment, deem the foreclosure action fraudulent, and if a debt is determined to be owed, require that the mortgage be released pursuant to some incomprehensible methods of payment. To the extent allegations can be construed from Plaintiff's complaint, they appear grounded in a wholly inaccurate understanding of the Bankruptcy Code and Wisconsin property law.

The Supreme Court has held that to survive a motion to dismiss, a plaintiff must plead "sufficient factual matter… 'to sustain a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 at 677-78 (2009) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* "[W]here the well-plead facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but has not shown, that the pleader is entitled to relief." *Id.* at 679. Based on this standard, Plaintiff fails to state a claim against the defendants because the complaint contains mere "naked assertions" of violations of unspecified regulations and provides no supporting factual allegations.

## III. ARGUMENT

**A. Plaintiff's Claims are Barred by Binding Precedent from the U.S. District Court for the Eastern District of Wisconsin and the U.S. Court of Appeals for the Seventh Circuit.**

Plaintiff has been unsuccessful with these alleged claims in four different courts: (1) Wisconsin Circuit Court for Racine County, (2) U.S. District Court for the Eastern District of Wisconsin, (3) U.S. Court of Appeals for the Seventh Circuit and (4) Eastern District Bankruptcy Court of Wisconsin. Again, the plaintiff seeks to collaterally attack the State Court, Federal Court, Appellate Court and Bankruptcy Court orders through this adversary proceeding. As other Bankruptcy Courts have observed, "[n]othing in the history or structure of the Bankruptcy Code suggests that Congress ever intended the code as simply providing an alternative federal forum for the resolution of state law claims, let alone serving as a forum of last resort when a litigant had been unsuccessful in other courts." *In re Sawyer*, No. 07-10252, 2007 WL 1725627 at *7 (Bankr. E.D. Va. June 13, 2007).

This court should be bound by precedential authority from the Seventh Circuit Court of Appeals which affirmed the dismissal with prejudice order of the U.S. District Court for the Eastern District of Wisconsin with respect to the plaintiff's claims. *Miller v. United States*, 868 F. 2d 236, 241 (7th Cir. 1989) see also *U.S. Ex Rel. Shore v. O'Leary*, 833 F.2d 663, 667 (7th Cir. 1987).[3] Consequently, this Court must follow the precedential authority of the Seventh Circuit and dismiss this adversary proceeding with prejudice.

**B. Plaintiff's Claims are Barred by the Application of the Rooker-Feldman Doctrine**

The *Rooker-Feldman* doctrine is jurisdictional in nature; its applicability must be determined before any other affirmative defense, including claim preclusion. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554-55 (7th Cir. 1999) (citing *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996)).

Under this doctrine, "lower federal courts do not have subject matter jurisdiction over claims seeking review of state court judgments." *Id.* at 554. The doctrine applies both to claims actually raised before the state court and to claims that are "inextricably intertwined with state court determinations." *Id.*

As its name implies, the Rooker-Feldman doctrine had its genesis in two landmark decisions. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), the U.S. Supreme Court held that (1) federal district courts are empowered to exercise only original, and not appellate, jurisdiction; and (2) Congress had empowered the Supreme Court alone to exercise appellate authority to reverse or modify a state court judgment. Therefore, U.S. district courts lack jurisdictions over suits seeking reversal or modification of state court judgments.

Similarly, in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed. 2d 206 (1983), the Supreme Court referred to its *Rooker* decision when holding that a federal district court lacked subject matter jurisdiction to review a final determination of a state court because 28 U.S.C. §1257 vests authority to review a state court's judgment solely in the U.S. Supreme Court.

Though this doctrine is well settled, it is still the subject of federal court litigation. The U.S. Supreme Court again had a chance to consider the doctrine in *Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 554 U.S. 280, 125 S.Ct. 1517, 161 L.Ed. 2d 454 (2005). In that decision, the Supreme Court narrowed the application of the doctrine and stated in a unanimous opinion that its application is confined to "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the (federal district) court proceedings commenced and inviting district court review and rejection of these judgments". *Id.* at 284. In this decision, the Supreme Court makes it clear that borrowers may not "appeal" state court judgments to federal district courts.

---

[3] Both the U.S. District Court for the Eastern District of Wisconsin and Seventh Circuit Court of Appeals admonished the plaintiff and barred him from future filings in each case.

As the Honorable G. Michael Halfenger had determined in the plaintiff's previous adversary proceeding, the *Rooker-Feldman* doctrine applies here and the court lacks jurisdiction over the plaintiff's claims against the defendants. Plaintiff's claims are barred by the *Rooker-Feldman* Doctrine as they are a collateral attack on the foreclosure judgment and therefore "inextricably intertwined" with the foreclosure judgment.

## C. Plaintiff's Claims are Barred by the Doctrine of Res Judicata and Claims Preclusion

The preclusive effect of the underlying state-court judgment is a question of Wisconsin law. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 282 (2005).

In Wisconsin, claim preclusion has three elements: "(1) an identity between the parties or their privies in the prior and present lawsuits; (2) an identity of the causes of action in the two lawsuits; and (3) a final judgment on the merits in a court of competent jurisdiction." *Teske v. Wilson Mut. Ins. Co.*, 928 N.W.2d 555, 561 (Wis. 2019).

All three elements are met with respect to Plaintiff's adversary complaint. The first element is satisfied as the parties in the Federal Court action, State Court action and Adversary Proceeding were similar.

With respect to the second element, Wisconsin law treats "all claims arising out of one transaction or factual situation...as being a part of a single cause of action" that must "be litigated together". *Teske*, 928 N.W.2d at 562 (quoting *A.B.C.G. Enters., Inc. v. First Bank Se., N.A.*, 515 N.W.2d 904, 910 (Wis. 1994). In both the Federal and State Court actions, Plaintiff appeared to argue that Planet lacked standing, that the loan documents were invalid, there were improper attorney fees, false representation of debt and deceptive practices of banks and servicers. Plaintiff's complaint attempts to repeat those arguments that arose from "the same common nucleus of operative facts" as those litigated to final judgment in the Federal and State Court actions. *Teske*, 928 N.W.2d at 563. Consequently, there is an identity of the causes of action in the Federal and

State Court actions and this adversary proceeding which precludes Plaintiff from litigating similar arguments asserted in his complaint. *Id.* at 561.

The third element is satisfied as the disputes in the Federal and State Court actions were litigated to final judgment. The Federal Court dismissed Plaintiff's cause of action with prejudice and the Seventh Circuit Court of Appeals affirmed. The State Court entered a foreclosure judgment on February 14, 2020, in favor of Planet.

**D.    Plaintiff's Claims against Mark Clauss and Christopher Drout are barred by Wisconsin's Litigation Privilege**

Plaintiff names Planet's Attorneys, Mark Clauss and Christopher Drout as defendants in this action. The attorneys signed the foreclosure complaint in Racine County Circuit Court and the Notice of Appearance and Proof of Claim in the Bankruptcy Case. Statements made by attorneys prosecuting the foreclosure action are protected by Wisconsin's litigation privilege. Actions taken by attorneys in the adversarial setting of litigation are precluded by the litigation privilege as forming a basis for further litigation. *See Probst v. Ashcroft*, 25 Fed. Appx. 469, 471 (7th Cir, 2001) and *Steffes v. Stephan Co.*, 144 F3.d 1070, 1074 (7th Cir, 1998), [Federal courts look to state law for applicability]. As the Wisconsin Supreme Court explained and has consistently held:

[P]arties and counsel are immune from liability for relevant statements in pleadings and otherwise in the course of judicial proceedings. This absolute privilege as to statements made during judicial proceedings has been summarized to be: Parties to judicial proceedings are absolutely exempt from responsibility for libel on the ground of privilege for any defamatory matter published in the course of judicial proceedings, subject to the possible qualification that such defamatory matter is pertinent or relevant to the case. *See Bergman v. Hupy*, 64 Wis 2d 747, 750 (1974) and *State v. Cardenas-Hernandez*, 219 Wis. 2d 516, 537 (1998).

The Plaintiff is merely using the bankruptcy system and adversary proceeding to further harass Planet's attorneys. Accordingly, Plaintiff is barred from bringing this action against the attorneys representing Planet Home Lending, LLC.

**E. The Court must impose sanctions under Bankruptcy Rule 9011(c)(1)(B)**

The plaintiff's claims are being presented for improper purposes such as harassment, unnecessary delay and the increased cost of litigation. The plaintiff's allegations and factual contentions lack any evidentiary support. Furthermore, the plaintiff's claims and legal contentions are not warranted by existing law or nonfrivolous argument. Pursuant to Federal Bankruptcy Rule 9011(c)(1)(B) the court, on its own initiative, may impose a sanction against plaintiff sufficient to deter repetition of such frivolous conduct. It is apparent that mere dismissal of this adversary proceeding will not deter the plaintiff from filing future frivolous actions. The court must issue an order barring plaintiff from filing future adversary proceedings against the defendants.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint must be dismissed in its entirety and with prejudice and further request that the Court bar plaintiff from filing future adversary proceedings against defendants.

Respectfully submitted this _____8th_____ day of April, 2022.

GRAY & ASSOCIATES, L.L.P.
Attorneys for Defendants

By:_____
Christopher C. Drout
State Bar No. 1049882

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN

In re:                                         Chapter 13

DEAN RICHARD VONGERMETEN

      Debtor.                           Case No. 21-25409-rmb

DEAN RICHARD VONGERMETEN,

      Plaintiff,

v.                                             Adversary Case No.   22-02024-rmb

Suzy Lindbolm COO, Terry Smith CEO,
Alejandro Hoyos: Trustee, Christopher Drout,
Mark Clauss, Michael Dimand, William Patacsil,

      Defendants.

## CERTIFICATE OF SERVICE

    I hereby certify that on April, 8 , 2022 the notice of motion and motion to dismiss and brief in support of motion to dismiss were electronically filed in this case and served upon the following parties using the ECF system:

    Eastern District U.S. Trustee


    I further certify that on the same date, I mailed the same document(s) by the United States Postal Service to the following non-ECF participants:

    Dean Richard Vongermeten
    1921 Thurston Avenue
    Racine, WI 53403

Dated this 8th day of April, 2022.

                            Christopher C. Drout, Attorney
                            Gray & Associates, L.L.P.

Gray & Associates, L.L.P. is attempting to collect a debt and any information obtained will be used for that purpose.  If you have previously received a discharge in a chapter 7 bankruptcy case, this communication should not be construed as an attempt to hold you personally liable for the debt.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEAN VON GERMETEN,

        Plaintiff,

    v.                            Case No. 17-cv-167-pp

PLANET HOME LENDING, LLC,

        Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (DKT. NO. 97) AND ADDITIONAL MOTION FOR SANCTIONS (DKT. NO. 104) AND DENYING PLAINTIFF'S MOTION TO VOID MORTGAGE AND ATTORNEYS' FEES (DKT. NO. 120)**

---

On June 6, 2019, the court held a hearing to consider the defendant's

motion for sanctions for the plaintiff's alleged violations of the court's March

21, 2019 order barring him from filing frivolous documents asserting

previously rejected arguments. Dkt. No. 104. The court considered also the

defendant's motion to dismiss for failure to state a claim. Dkt. No. 97. During

that hearing, the court granted the defendant's motion to dismiss the case but

declined to impose monetary sanctions against the plaintiff for his conduct.

This order memorializes those rulings, with additional comments.

    When it reviewed the defendant's additional/renewed motion for

sanctions, the court mostly concerned itself with the defendant's allegation that

the plaintiff had filed an approximately $4 million "notice of lien" with the

Racine County register of deeds against the defense counsel's personal

EXHIBIT
A

property. See Dkt. No. 104-1 at 1. The record in this case provides no basis for the plaintiff to assert an interest in defense counsel's personal property. To the extent the plaintiff alleges that his interest in defense counsel's property stems from an alleged "misuse" of his "commercial name," dkt. no. 104-1, the court notes that it (and others) have rejected this and other frivolous legal theories that are based on the idea of rejecting so-called "federal citizenship." See United States v. Davis, 545 F. App'x 513, 517-18 (7th Cir. 2013) (defendant's belief that he could "proclaim[] a copyright in his name" found "consistent with 'sovereign citizen' ideology" and such beliefs found frivolous); Bey v. State, 847 F.3d 559, 560-61 (7th Cir. 2017) (explaining that "many sovereign citizen organizations teach that whenever a Moor's name is spelled in capital letters in a government document, the name identifies not the individual but instead his 'corporate shell identity,' or in other words a 'straw man' controlled by the government;" further stating the "[w]e have repeatedly rejected such [sovereign citizen] claims."). The court can discern no reason for the plaintiff to file a "notice of lien" against a defense attorney's personal property except to harass that attorney, and to try to dissuade him from acting in his client's interest. It appears to this court that the plaintiff's filing of the notice of lien with the county register of deeds constituted an abuse of process, and harassment.

At the June 6, 2019 hearing, defense counsel asked the court to opine on counsel's affidavit documenting the legal fees incurred in its defense of this case. The affidavit appears at dkt. no. 97-2 and states that the defendant has incurred 75.2 hours of work defending against this case at a rate of $215 per

2

EXHIBIT
A

hour. Id. at 1-2. At the June 6, 2019 hearing, defense counsel asked the court to deem those fees "reasonable."

The question of whether the fees are reasonable is not appropriately before the court. The defendant has not filed a motion for the award of attorneys' fees, and the court declined to impose attorneys' fees as a sanction for the plaintiff's conduct. The court understands that the defendant likely will seek to add its "reasonable attorneys' fees" to the debt it will attempt to collect from the plaintiff. That is the defendant's prerogative, assuming the mortgage contract provides for such a process. That question—the interpretation of the mortgage contract, and the collection of any debt due under the mortgage and the note—are not before this court.

Finally, after the court already had orally dismissed the case for failure to state a claim, the plaintiff filed a document titled "Motion that Mortgage and Defendant Attorney Fees be Voided per Plaintiff's Affidavit of Void Agreement, Fraudulent Concealment and UCC." Dkt. No. 120. This is another attempt by the plaintiff to assert his theories regarding American capital markets, the UCC and the rights of "free," or "non-federal," citizens. The court has rejected these arguments. And the questions of whether the mortgage is void, or whether the contract provides for attorneys' fees, are not before this court.

The court **GRANTS** the defendant's motion to dismiss. Dkt. No. 97.

The court **FINDS** that the record establishes no basis for the plaintiff to assert a property interest against the personal property of defense counsel (or, for that matter, against any officer, director or employee of the defendant)

3

Case 2:17-cv-00167-PP   Filed 07/02/19   Page 3 of 4   Document 121
Case 22-02024-rmb    Doc 11    Filed 04/08/22    Page 17 of 38

EXHIBIT
A

The court **DENIES** the plaintiff's motion to void the mortgage and attorneys' fees. Dkt. No. 120.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** for failure to state a claim.

The court **ORDERS** that the clerk's office must not docket anything else the plaintiff sends to the court in this case. The court **ORDERS** that the clerk's office shall return any filings bearing this case number to the plaintiff.

Dated in Milwaukee, Wisconsin this 2nd day of July, 2019.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

EXHIBIT
A

UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## ORDER

November 20, 2019

Before

**DAVID F. HAMILTON,** *Circuit Judge*

| | |
|---|---|
| No. 19-2459 | DEAN VON GERMETEN,<br>Plaintiff - Appellant<br><br>v.<br><br>PLANET HOME LENDING, LLC,<br>Defendant - Appellee |
| **Originating Case Information:** | |
| District Court No: 2:17-cv-00167-PP<br>Eastern District of Wisconsin<br>District Judge Pamela Pepper | |

The following are before the Court:

1.   **PLAINTIFFS' EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION WITH ASSET FREEZE, MOTION FOR JOINDER OF CLAIMS BASED ON NEW EVIDENCE,** filed on November 4, 2019, by the pro se appellant.

2.   **LETTER,** filed on November 5, 2019, by the pro se appellant.

3.   **PLAINTIFFS' EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION WITH ASSET FREEZE, MOTION FOR JOINDER OF CLAIMS BASED ON NEW EVIDENCE,** filed on November 19, 2019, by the pro se appellant.

**IT IS ORDERED** that the motions for a preliminary injunction or temporary restraining order are **DENIED.** After considering the letter regarding "requisite bonds," it is unclear what relief the appellant seeks. To the extent that he demands settlement from this court, that request is **DENIED.** Any other requested relief is **DENIED** without court action.

A review of the docket shows that the district court denied appellant Dean Von Germeten's motion to proceed in forma pauperis on November 16, 2019. The only filing due from Von Germeten at this time is his filing fee to the district court or an application to proceed in forma pauperis. Once the fee status is resolved, this court will set a deadline for the appellee's brief. Further frivolous filings may result in sanctions or a filing bar.

form name: c7_Order_3J(form ID: 177)

EXHIBIT
B

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## ORDER

January 10, 2020

### Before

**DIANE S. SYKES,** *Circuit Judge*
**AMY C. BARRETT,** *Circuit Judge*
**MICHAEL B. BRENNAN,** *Circuit Judge*

|  |  |
|---|---|
|  | DEAN VON GERMETEN, Plaintiff - Appellant |
| No. 19-2459 | v. |
|  | PLANET HOME LENDING, LLC, Defendant - Appellee |
| **Originating Case Information:** | |
| District Court No: 2:17-cv-00167-PP Eastern District of Wisconsin District Judge Pamela Pepper | |

The following are before the Court:

1)    **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS,** filed on December 3, 2019, by the pro se appellant.

2)    **LETTER,** filed on December 3, 2019, by the pro se appellant.

3)    **MOTION FOR RECONSIDERATION,** filed on December 31, 2019, by the pro se appellant.

4)    **MOTION TO EXPAND THE RECORD,** filed on January 6, 2020, by the pro se appellant.

EXHIBIT B

5)      **MOTION TO AMEND BONDS**, filed on January 9, 2020, by the pro se appellant.

This court has carefully reviewed the final order of the district court, the record on appeal, appellant's motion to proceed in forma pauperis, and appellant's filings in this court. Based on this review, the court has determined that any issues that could be raised are insubstantial and that further briefing would not be helpful to the court's consideration of the issues. *See Taylor v. City of New Albany*, 979 F.2d 87 (7th Cir. 1992); *Mather v. Vill. of Mundelein*, 869 F.2d 356, 357 (7th Cir. 1989) (court can decide case on motions papers and record where briefing would be not assist the court and no member of the panel desires briefing or argument). The district court did not err by dismissing the amended complaint for failure to state a claim.

Accordingly, **IT IS ORDERED** that the motion to proceed in forma pauperis is **DENIED**, and the final order of the district court is summarily **AFFIRMED**. All other pending requests are **DENIED** as unnecessary.

form name: **c7_Order_3J**(form ID: 177)



FILED
02-14-2020
Clerk of Circuit Court
Racine County
2019CV001616

DATE SIGNED: February 14, 2020

<u>Electronically signed by Michael J. Piontek</u>
Circuit Court Judge

| STATE OF WISCONSIN | CIRCUIT COURT | RACINE COUNTY |
| --- | --- | --- |

Planet Home Lending, LLC

        Plaintiff,

vs.

Dean R. Von Germeten a/k/a Dean R.
vonGermeten a/k/a Dean vonGermeten a/k/a Dean
Richard Von Germeten a/k/a Dean Richard
vonGermeten a/k/a Dean Von Germeten a/k/a
vonGermeten, Dean R., Jane Doe Von Germeten,
Federal Home Loan Bank of Chicago and State of
Wisconsin c/o Attorney General

        Defendants.

**FINDINGS OF FACT, CONCLUSIONS OF
LAW AND JUDGMENT**

**Case No. 19-CV-001616**

---

      The summons and complaint in this action having been duly served upon the defendants in the

manner provided by law, due proof thereof being on file, and the defendant(s) being wholly in default as

shown by the affidavit of no answer on file herein, and

      Due notice of the pendency of this action having been filed in the office of the Register of Deeds

for this county more than twenty days prior to this date; and upon the application of the plaintiff, through

its counsel, Gray & Associates, L.L.P., and

      The court having examined the affidavit of default filed herein in support of the plaintiff's

application for judgment, and having determined that all material allegations of the complaint on file

herein are true, and

Case No. 19-CV-001616

EXHIBIT
C

It further appearing that the mortgaged premises consists of real property with a residential structure thereon being twenty (20) acres or less and that the said premises cannot be sold in parcels without injury to the interest of the parties, and

It further appearing that no defendant is in the military service or active state service and that no defendant has been adjudicated an incompetent, nor is an infant or under guardianship:

NOW THEREFORE, on motion of Gray & Associates, L.L.P., attorneys for the plaintiff,

IT IS BY THE COURT FOUND, DETERMINED AND ADJUDGED:

1.      That all of the material allegations of the plaintiff's complaint are proven and true.

2.      That the following amounts are due to the plaintiff under the terms of the note and mortgage:

| | |
|---|---:|
| Unpaid Principal Balance | $24,775.75 |
| Interest from 1/1/19 to 2/3/20 @ 4.079% | 1,263.30 |
| Accumulated Late Charges | 57.39 |
| Credits / Suspense | (203.14) |
| Negative Escrow Advances | 1,171.11 |
| Property Inspection Fees | 120.00 |
| Prior Litigation Fees and Costs | 22,312.50 |
| Attorney Fees | 2,705.00 |
| Disbursements | 1,211.49 |
| Total | $53,413.40 |

3.      That all sums hereafter advanced by the plaintiff for insurance, necessary repairs, post judgment attorneys fees and costs, preservation expenses and taxes not included in the judgment may be added to the judgment by order at any time after the entry thereof and before confirmation of sale upon the petition of the plaintiff's attorney without notice.

4.      That the mortgaged premises is owner occupied.

5.      That the mortgaged premises consists of property with a residential structure located thereon more particularly described in the mortgage attached to the complaint as Exhibit B.  The legal description appearing on said exhibit is incorporated herein by reference.

6.      That the mortgaged premises cannot be sold in parcels without injury to the interests of

Case No. 19-CV-001616

EXHIBIT
C

the parties and unless sooner redeemed, the plaintiff may elect to have the premises sold at public auction under the direction of the sheriff, at any time after **six month(s)** from the date of entry of judgment. That if the purchaser at said auction is a party or person other than the plaintiff or its assignee, then the sheriff shall require that ten percent (10%) of the purchaser's bid be paid at the sale in cash, cashier's check or certified funds. The balance due upon confirmation of the sale shall be paid to the clerk of courts by cash, cashier's check or certified funds. That after deducting the fees and expenses of sale, the proceeds of sale shall first be applied to the amounts due plaintiff, together with interest at the rate provided in the mortgage note and that the surplus, if any, shall be subject to the further order of this court.

7.     That in the event the State of Wisconsin Department of Veterans Affairs is or should become a party to this action, notice of the sheriff's sale shall be given by certified mail, return receipt requested, to the department at Madison, Wisconsin, at least three weeks prior to the date of sale.

8.     That following the sale of the mortgaged premises as authorized herein and upon the court's confirmation of said sale, the defendants and all persons claiming an interest in said premises subsequent to the filing of the lis pendens herein shall be forever barred and foreclosed of all right, title, interest, claim, lien or equity of redemption in and to said premises and any part, parcel or portion thereof.

9.     That the owner(s) remain entitled to possession of the mortgaged premises and are entitled to all rents, issues and profits therefrom to the date of confirmation of sale.

10.    That leave is hereby granted to the plaintiff to add defendants herein pursuant to section 846.09, Wis. Stats.

11.    That after the sheriff's sale, the sheriff shall make due report thereof to the court, and the purchaser shall be let into possession of the premises upon confirmation of the sheriff's sale and all parties to this action or other persons acquiring possession after the date the lis pendens was recorded shall deliver possession to said purchaser.

12.    THAT NO DEFICIENCY JUDGMENT MAY BE OBTAINED AGAINST ANY DEFENDANT.

13.    That all parties and all persons claiming under them are enjoined from committing waste

Case No. 19-CV-001616

EXHIBIT
C

upon the premises.

    14.    That in the event the United States is a party to this action, it shall have the post-sale redemption rights specified by 28 U.S.C. 2410(c).

    15.    That the plaintiff may take all necessary steps to secure and winterize the subject property in the event it is abandoned by the defendants and becomes unoccupied during the redemption period or until such time as this matter is concluded.

    16.    That the counterclaims are hereby dismissed with prejudice.

STATEMENT OF INDEBTEDNESS

| | |
|---|---:|
| Unpaid Principal Balance | $24,775.75 |
| Interest from 1/1/19 to 2/3/20 @ 4.079% | 1,263.30 |
| Accumulated Late Charges | 57.39 |
| Credits / Suspense | (203.14) |
| Negative Escrow Advances | 1,171.11 |
| Property Inspection Fees | 120.00 |
| Prior Litigation Fees and Costs | 22,312.50 |
| Attorney Fee | 2,705.00 |
| Disbursements: | |
| Filing Fee | 287.45 |
| Register of Deeds | 35.00 |
| Service Fees | 345.35 |
| Publication | 193.69 |
| Title Search & Report | 350.00 |
| TOTAL | $53,413.40 |

Redemption period granted by this court: **six months.**

This is a final judgment for the purpose of appeal.

Case No. 19-CV-001616



EXHIBIT
C

STATE OF WISCONSIN     CIRCUIT COURT     RACINE COUNTY

BRANCH 5

---

PLANET HOME LENDING, LLC,

        **Plaintiff,**

        **vs.**                           Case No.  2019CV1616

**DEAN R. VON GERMETEN**
a/k/a **DEAN R. vonGERMETEN**
a/k/a **DEAN vonGERMETEN**
a/k/a **DEAN RICHARD VON GERMETEN**
a/k/a **DEAN RICHARD vonGERMETEN**
a/k/a **DEAN VON GERMETEN**
a/k/a **vonGERMETEN, DEAN R.,**
**JANE DOE VON GERMETEN,**
**FEDERAL HOME LOAN BANK OF**
**CHICAGO, STATE OF WISCONSIN,**

        **Defendants.**

**FILED**

FEB 2 0 2020

CLERK OF CIRCUIT COURT
RACINE COUNTY

---

## COURT ORDER

    Whereas, the Defendant's filing of documents on today's date consists entirely of nonsense;

    Whereas, the Court will scan the documents into the record of this case, but is returning the originals to the Defendant because each and every one of them constitutes a frivolous filing;

    Whereas, the Court has found previous filings in this action to be frivolous;

    Whereas, the Eastern District of Wisconsin Federal Court has found filings in a related lawsuit filed by Defendant to be frivolous, dismissing said suit;

    and, Whereas, the Seventh Circuit Court of Appeals has also found the Defendant's filing to be frivolous.



NOW THEREFORE, the Court enters this order prohibiting the Defendant from further filings in this matter at the trial court level.

The CLERK OF COURTS is directed to refuse to file or accept any future filings from the Defendant in this matter.

SO ORDERED, this 20th day of February 2020.

Honorable Michael J. Piontek
Racine County Circuit Court Branch 5



EXHIBIT
D

STATE OF WISCONSIN     CIRCUIT COURT     RACINE COUNTY

BRANCH 5

---

PLANET HOME LENDING, LLC,

     Plaintiff,

     vs.                            Case No.  2019CV1616

DEAN R. VON GERMETEN
a/k/a DEAN R. vonGERMETEN
a/k/a DEAN vonGERMETEN
a/k/a DEAN RICHARD VON GERMETEN
a/k/a DEAN RICHARD vonGERMETEN
a/k/a DEAN VON GERMETEN
a/k/a vonGERMETEN, DEAN R,
JANE DOE VON GERMETEN,
FEDERAL HOME LOAN BANK OF
CHICAGO, STATE OF WISCONSIN,

     Defendants.

# FILED

FEB 1 8 2020

CLERK OF CIRCUIT COURT
RACINE COUNTY

---

## COURT ORDER

---

     To the extent that the Defendant's February 17, 2020 filings request relief or reconsideration by the Court, all requests are ordered summarily denied.

     The Court found all previous filings frivolous.

                Dated:  February 18, 2020

                Honorable Michael J. Piontek
                Racine County Circuit Court Branch 5

This is a final order for purposes of appeal.

EXHIBIT
D

| DOCUMENT NO. | ORDER TO EXPUNGE |
|---|---|

Document # **2544820**
RACINE COUNTY REGISTER OF DEEDS
February 27, 2020  2:54 PM

*Connie C. Madsen*

CONNIE COBB MADSEN
RACINE COUNTY
REGISTER OF DEEDS
Fee Amount: $30.00

**The above recording information verifies
this document has been electronically recorded**
Returned to Gray & Associates - Title Resolution
Pages: 4

THIS SPACE RESERVED FOR RECORDING DATA
NAME AND RETURN ADDRESS:

Gray & Associates, L.L.P.
16345 W. Glendale Drive
New Berlin, WI 53151-2841

276-000015160000
PARCEL IDENTIFICATION NUMBER

Lot 15, Block 9, Guenther, Palmer and Fidler's Subdivision of part of the Northwest ¼ of Section 20, Township 3 North, Range 23 East, in the City of Racine, Racine County, Wisconsin. ALSO DESCRIBED AS: Lot 15, Block 9, Guenther, Palmer and Fidler's Subdivision, according to the recorded Plat thereof. Said land being in the City of Racine, Racine County, Wisconsin.

Address:   1921 Thurston Avenue
             Racine, Wisconsin 53403



EXHIBIT
E

FILED
02-24-2020
Clerk of Circuit Court
Racine County
2019CV001616

DATE SIGNED: February 24, 2020

Electronically signed by Michael J. Piontek
Circuit Court Judge

STATE OF WISCONSIN      CIRCUIT COURT      RACINE COUNTY

Planet Home Lending, LLC

      Plaintiff,

vs.

Dean R. Von Germeten a/k/a Dean R.
vonGermeten a/k/a Dean vonGermeten a/k/a
Dean Richard Von Germeten a/k/a Dean
Richard vonGermeten a/k/a Dean Von
Germeten a/k/a vonGermeten, Dean R., Jane
Doe Von Germeten, Federal Home Loan Bank
of Chicago and State of Wisconsin c/o
Attorney General

      Defendants.

**ORDER TO EXPUNGE - RECORDABLE**

Case No. 19-CV-1616

That on February 14, 2020, a hearing on the plaintiff's motion was held and all appearances for the parties having been noted on the record and pursuant to the filings, documents, arguments made and findings herein, the Court orders the following:

IT IS HEREBY ORDERED that all items listed on the Lien Report attached to the Complaint as well as those all items recorded after the plaintiff's lis pendens in the office of the Racine County Register of Deeds by Defendant, Dean R. Von Germeten a/k/a Dean R. vonGermeten a/k/a Dean vonGermeten a/k/a Dean Richard Von Germeten a/k/a Dean Richard vonGermeten a/k/a Dean Von Germeten a/k/a vonGermeten that name or refer to the Plaintiff, Planet Home Lending, LLC, and/or any of its officers, employees or agents be expunged.



EXHIBIT
E

IT IS FURTHER ORDERD THAT said expungement shall apply to all generally recorded items by the defendant particularly with respect to the real property located at: 1921 Thurston Avenue, Racine, Wisconsin 53403, which is more particularly described as:

Lot 15, Block 9, Guenther, Palmer and Fidler's Subdivision of part of the Northwest ¼ of Section 20, Township 3 North, Range 23 East, in the City of Racine, Racine County, Wisconsin. ALSO DESCRIBED AS: Lot 15, Block 9, Guenther, Palmer and Fidler's Subdivision, according to the recorded Plat thereof. Said land being in the City of Racine, Racine County, Wisconsin.

Tax Key No.: 276-000014160000

IT IS FURTHER ORDERED that said items to be expunged are listed on the Update Lien Report attached to and fully incorporated herein.

IT IS FURTHER ORDERED that a certified copy of this Order shall be accepted for recording by the office of the Register of Deeds.

---

The Clerk of the Circuit Court, Racine, Wisconsin, does hereby certify that this document is a true and correct copy of the original on file and of record in my office.

Dated: 02-25-20

_____ Deputy.



## UPDATED LIEN REPORT

1. Affidavit of Acknowledgement and Acceptance of Warranty Deed (recorded **12/16/2016**, Doc. No. **2453268**)

2. Registration of Firm Names (recorded **12/16/2016**, Doc. No. **2453269**)

3. Notice of Default & Cease & Desist (recorded **3/15/2017**, Doc. No. **2459733**)

4. Letters (recorded **8/22/2017**, Doc. No. **2472679**)

5. Affidavit of Ownership & Certificate of Authority (recorded **11/21/2017**, Doc. No. **2480432**)

6. Affidavit of Truth (recorded **12/20/2017**, Doc. No. **2482767**)

7. Affidavit of Correction (recorded **1/12/2018**, Doc. No. **2484342**)

8. Hold-Harmless Agreement (recorded **1/18/2018**, Doc. No. **2484663**)

9. Affidavit that All Accounts are Prepaid (recorded **1/25/2018**, Doc. No. **2485238**)

10. Secured Party Creditor Documents: Private Security Agreement, Notice of Lien, Common Law Copyright Notice, UCC Financing Statement Filing #180002851420 (recorded **3/5/2018**, Doc. No. **2488016**)

11. Notice as to Declared Purpose of this Special Deposit (recorded **5/30/2018**, Doc. No. **2494858**)

12. Correction Instrument (recorded **6/11/2018**, Doc. No. **2495685**)

13. Fee Schedule – Notice of Intent (recorded **6/22/2018**, Doc. No. **2496822**)

14. UCC Financing Statement Amendment Filing #180010538825 (recorded **8/1/2018**, Doc. No. **2499909**)

15. Notice of Continuing Interest in Property (recorded **2/25/2019**, Doc. No. **2514534**)

16. Revocation of Power of Attorney (recorded **4/8/2019**, Doc. No. **2517382**)

17. Notice of Lien (recorded **4/22/2019**, Doc. No. **2518310**)

18. Loan Discharge Evidence Including UCC Financing Statements Filing #180012697025 and #180012697631 (recorded **5/23/2019**, Doc. No. **2520832**)

19. Notice of Revocation and Replacement of Trustee (recorded **6/4/2019**, Doc. No. **2521666**)

20. UCC Financing Statement Filing E19079835-7 (recorded **10/21/2019**, Doc. No. **2534393**)

21. Notice of Reconveyance (recorded **11/6/2019**, Doc. No. **2535551**)



EXHIBIT E

FILED
02-14-2020
Clerk of Circuit Court
Racine County
2019CV001616

DATE SIGNED: February 14, 2020

Electronically signed by Michael J. Piontek
Circuit Court Judge

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **RACINE COUNTY**

Planet Home Lending, LLC

      Plaintiff,

vs.

**ORDER TO EXPUNGE**

Dean R. Von Germeten a/k/a Dean R.
vonGermeten a/k/a Dean vonGermeten a/k/a
Dean Richard Von Germeten a/k/a Dean      Case No. 19-CV-1616
Richard vonGermeten a/k/a Dean Von
Germeten a/k/a vonGermeten, Dean R., Jane
Doe Von Germeten, Federal Home Loan Bank
of Chicago and State of Wisconsin c/o
Attorney General

      Defendants.

     IT IS HEREBY ORDERED that the Wisconsin Department of Financing Institutions

shall fully expunge any and all financing statements filed by Defendant, Dean R. Von Germeten

a/k/a Dean R. vonGermeten a/k/a Dean vonGermeten a/k/a Dean Richard Von Germeten a/k/a

Dean Richard vonGermeten a/k/a Dean Von Germeten a/k/a vonGermeten naming, Plaintiff,

Planet Home Lending, LLC and/or any of its officers, employees or agents as a Debtor from its

official records.



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEAN-RICHARD VONGERMETEN,

        Plaintiff,

    v.                            Case No. 17-cv-167-pp

PLANET HOME LENDING, LLC,
MICHAEL DUBECK, JEFFREY BERGIDA,
and MARK CLAUSS,

        Defendants.

---

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 60), DISMISSING DEFENDANTS DUBECK, BERGIDA AND CLAUSS, DENYING PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT (DKT. NO. 53), DENYING DEFENDANT'S MOTION FOR SANCTIONS (DKT. NO. 61), DENYING PLAINTIFF'S MOTIONS TO QUASH (DKT. NOS. 63, 82), DENYING PLAINTIFF'S MOTION FOR SETTLEMENT (DKT. NO. 69), DENYING PLAINTIFF'S MOTIONS FOR A COURT OF SPECIAL EQUITY (DKT. NOS. 73, 75, 76), DENYING PLAINTIFF'S MOTION FOR IMMEDIATE INJUNCTIVE RELIEF (DKT. NO. 87), DENYING PLAINTIFF'S MOTION FOR JUDGMENT (DKT. NO. 89), DENYING DEFENDANT'S MOTION FOR SANCTIONS UNDER RULE 11(c) (DKT. NO. 94) AND DENYING PLAINTIFF'S MOTION TO PRODUCE EVIDENCE AND MANDATORY COUNTER-CLAIM (DKT. NO. 95)**

---

      The plaintiff is representing himself. On January 29, 2018, the court dismissed the plaintiff's original complaint at the screening stage, finding that he had not stated a claim for federal relief. Dkt. No. 52. The court ordered the plaintiff to file an amended complaint by March 30, 2018. Id. The plaintiff did so on February 27, 2018. Dkt. No. 60. Before the court could screen the amended complaint, the plaintiff filed numerous notices, letters and motions. See Dkt. Nos. 62-95. This order screens the amended complaint, denies the outstanding motions and discusses next steps.

1

EXHIBIT G

creating the perception of a "loan" in reverse direction to which it actually occurred, and then crediting the fraudulently structured payments back to themselves, to make more loans, reward investors, etc. using the depositor's credit, making note depositors debt sureties to those notes, without compensation. authorization or full disclosure, which voids any contract. . . . The consumer (credit) "loan" occurs on the receivables side of the ledger and one set of books, however, the liability side of books should show cash credit in favor of Plaintiff for deposit of his note, lending it to the bank, according to 12 U.S.C. 1813(L)(1) and GAAP/GAAS. Generally Accepted Accounting Practices . . . are advocated by the Financial Accounting Standards Board (FASB) . . . .

Dkt. No. 60 at 11-12. He mentions Regulation DD in connection with this theory.

The plaintiff does not allege that this specific defendant, Planet Home Lending, engaged in the practice he alleges above. He indicates only that "banks and servicers" engage in the practice. Assuming for the sake of argument that the plaintiff had alleged that Planet was engaged in this practice, he appears to be trying to argue that this practice is the same thing as opening up a consumer depository account, and that Planet would have had an obligation to tell him about its interest rates and fees so that he could shop around for another bank. The argument borders on the absurd. The disclosures that Planet was required to make to the plaintiff were the disclosures required by statutes governing the issuance of mortgages, not statutes governing the disclosure of interest rates and fees on consumer deposit accounts.

 The plaintiff's claims in this regard are the kind of "clearly baseless," "fanciful," "fantastic," delusional," "irrational" and "wholly incredible" claims that this court need not allow to proceed. 

might respond. If the defendant files an "answer" to the amended complaint, the court will require the parties to file scheduling plans under Fed. R. Civ. P. 26(f). Once the court receives the scheduling plans, it either will issue a scheduling order or will calendar a hearing to talk to the parties about scheduling. If the defendant files a motion to dismiss rather than an answer, the court will issue an order setting deadlines for the plaintiff to file a response and the defendant to file a reply. The court will decide the motion after it is fully briefed.

Until the defendant responds to the amended complaint, there is nothing else for the plaintiff to do. The court will order the plaintiff not to file any other documents—no letters, no affidavits, no notices, no motions, *nothing*—until he hears from the court.

The court realizes that it has taken a long time to screen the amended complaint. Part of the responsibility for that delay lies with the court and its extremely crowded docket; part of it lies with the plaintiff, because of the avalanche of filings he has made in this case. If the plaintiff wants to continue with the three claims upon which the court has allowed him to proceed, he must stop clogging the court's docket with filings. He must stop burying the defendant in paper. He must stop making attacks on the defendant's lawyer. He must stop demanding that this court declare him the winner of this lawsuit before the lawsuit even has gotten under way. He must follow the rules that every litigant in this court must follow—the Federal Rules of Civil Procedure, and this court's local rules (which the plaintiff can access on the court's web site, https://www.wied.uscourts.gov/local-rules-and-orders-0).

The court has denied the defendant's two motions for sanctions. If, however, the plaintiff continues to flood the court and the defendant with

EXHIBIT
G

repetitive, frivolous pleadings, and fails to follow this court's orders and the federal and local rules, the court *will* have a basis to consider any future requests for sanctions.

## IV. CONCLUSION

The court **ORDERS** that defendants Michael Dubek, Jeffrey Bergida, and Mark Clauss are **DISMISSED**.

The court **DENIES** the plaintiff's motion for declaratory judgment. Dkt. No. 53.

The court **DENIES** the plaintiff's motion for sanctions. Dkt. No. 61.

The court **DENIES** the plaintiff's motions to quash. Dkt. Nos. 63, 82.

The court **DENIES** the plaintiff's motion for settlement. Dkt. No. 69.

The court **DENIES** the plaintiff's motions for a Court of Special Equity. Dkt. Nos. 73, 75, 76.

The court **DENIES** the plaintiff's motion for immediate injunctive relief. Dkt. No. 87.

The court **DENIES** the plaintiff's motion for judgment. Dkt. No. 89.

The court **DENIES** the defendant's motion for sanctions under Rule 11(c). Dkt. No. 94.

The court **DENIES** the plaintiff's motion to produce evidence and mandatory counter-claim. Dkt. No. 95.

The court **ORDERS** Planet Home Lending, LLC to file a responsive pleading to the amended complaint.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

EXHIBIT
G

34

Case 2:17-cv-00167-PP   Filed 03/21/19   Page 34 of 35   Document 96
Case 22-02024-rmb   Doc 11   Filed 04/08/22   Page 37 of 38

The court **ORDERS** that the plaintiff shall not file any documents of any kind in this case until further order of the court.

The court **ORDERS** the plaintiff to mail all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case. Because the clerk of court will scan each filing electronically and enter it on the docket when it is received, the plaintiff need not mail copies of future filings to the defendant. The defendant will be served electronically through the court's electronic case filing system. The plaintiff should, however, keep a personal copy of every document he files with the court.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 21st day of March, 2019.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

EXHIBIT
G